UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

**CIVIL ACTION NO. 23-98-DLB-CJS**

**JETTA TODD, et al.**                                                                                   **PLAINTIFFS**

**v.**                                   **REPORT AND RECOMMENDATION**

**FIFTH THIRD BANK NATIONAL
ASSOCIATION, et al.**                                                                                **DEFENDANTS**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter has been referred to the undersigned to supervise discovery and pretrial proceedings (*see* R. 5) and is before the Court on Plaintiffs' Motion to Remand to State Court (R. 7). Defendants did not file a response to the Motion and the Motion is ripe for the Court's review. For the reasons discussed herein, the undersigned recommends this case be remanded to state court due to lack of subject matter jurisdiction.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On September 1, 2023, Plaintiffs Jetta Todd, Charles B. Foltz, and Brittany Brown (individually and as executrix for the estate of Maude Gussler), filed a civil complaint in Boyd Circuit Court against Defendants Fifth Third Bank National Association ("Fifth Third") and Safeguard Properties Management, LLC ("Safeguard"). (R. 1-1). Fifth Third was the mortgage lender for a property located on Gartin Avenue in Ashland, Kentucky ("the Property"), which was owned by Maude Gussler prior to her death in May 2021. (*See id*., ¶¶ 6, 8). Upon Gussler's death, Plaintiff Brown was appointed as the executrix of Gussler's estate and through that role entered into a settlement and release agreement with Fifth Third to resolve the outstanding debts owed in

relation to its mortgage against the Property. (*See id*., ¶ 8). Brown subsequently sold the Property to Jetta Todd and Charles B. Foltz, with the closing taking place on September 16, 2022. (*Id*., ¶ 6).

Plaintiffs allege that after the settlement agreement between Fifth Third and the estate was entered into and after the Property was sold, Fifth Third continued to demand payment from Brown as executrix of the estate of Gussler via phone and email and through U.S. Postal Service mail sent to the Property. (*Id*., ¶¶ 9-10). Plaintiffs state that Todd and Foltz were "contacted, personally or through their tenant at the subject real estate, by agents of the Defendants attempting to conduct property maintenance activities, inspections and/or appraisals in an effort to foreclose on the subject real estate." (*Id*., ¶ 10). Plaintiffs further allege that "before and/or after" the settlement agreement was executed "agents and/or employees" of Fifth Third were sent to the property to perform various types of maintenance and yardwork as well as to perform a pre-foreclosure appraisal of the property, which disturbed both the new owners and the new owners' tenants. (*Id*., ¶ 16). Said maintenance work, Plaintiffs allege, was completed by Defendant Safeguard acting as "representative and/or agent" of Fifth Third and, as a result, Safeguard caused property damage to the home prompting loss of rental income and incurred utility payments. (*Id*., ¶ 22).

Plaintiffs' Complaint specifically alleges claims of breach of contract, property damage, and violation of the Uniform Commercial Code. (*See id*.) Plaintiffs request a number of damages including lost income, lost profits, attorney's fees and legal costs, emotional distress, embarrassment, humiliation, inconvenience, anxiety, mental anguish, pain and suffering, as well as punitive damages and a demand for specific performance to enforce the terms of the settlement agreement with Fifth Third. (*Id*., ¶¶ 18–20, 24, 25, 31–33).

On October 11, 2023, Defendant Fifth Third, with the consent of Defendant Safeguard, removed the case to this Court on the grounds of diversity jurisdiction. (*See* R. 1). Plaintiffs

moved to remand the case to state court on October 16, 2023, arguing that the amount in controversy requirement for diversity jurisdiction had not been met based on their filing of a stipulation that they would not seek or accept greater than $75,000 in damages. (*See* R. 7). Defendants having not filed a response, the motion is now ripe for the Court's review.

## II.    ANALYSIS

### A.    Removal

A defendant may only remove a civil action from state court to federal court if the federal court could have exercised original jurisdiction, such as diversity jurisdiction, over the action. *See* 28 U.S.C. §§ 1441, 1446. This Court has diversity jurisdiction over all actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The defendant bears the burden of showing that removal is proper, and "[t]he removal petition is to be strictly construed, with all doubts resolved against removal." *Her Majesty the Queen in Right of Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). Specifically, the removing party has the burden to demonstrate the amount in controversy requirement has been met. *See Gafford v. Gen. Elec*. Co., 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Once removed, if a party believes the federal court lacks subject matter jurisdiction, it may file a motion to remand at any time before final judgment. 28 U.S.C. § 1447(c). In the present case, Plaintiffs do not dispute that there is complete diversity of citizenship among the parties, but they do argue that subject matter jurisdiction is nevertheless lacking based on the amount in controversy requirement. (*See* R. 7).

Because the Kentucky Rules of Civil Procedure prohibit plaintiffs from articulating the specific amount they seek to recover in their complaints, "federal courts sitting in Kentucky are

3

often confronted with state-court complaints that fail to pray for a specific amount of monetary relief." *Peace v. Maximus Fed. Servs., Inc.*, No. 6:23-cv-8-GFVT, 2023 WL 3827667, at *2 (E.D. Ky. June 5, 2023) (citing Ky. R. Civ. P. 8.01(2)). However, federal law provides that when "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," (both of which are permitted in Kentucky state-court practice), removal is appropriate if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2). Due to Kentucky's civil procedure rule, the parties may be tasked with engaging in "pre-removal discovery" in order for the defendant to establish whether the case is removable. *Howard v. State Auto Prop. & Cas. Co.*, No. 5:22-cv-326-DCR, 2023 WL 1796958, at *1 (E.D. Ky. Feb. 7, 2023). This additional pre-removal step is often necessary because the removing party "must set forth . . . specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Adkins v. Kroger Ltd. P'ship I*, No. 5:18-cv-156-DCR, 2018 WL 1611592, at * 1 (E.D. Ky. Apr. 3, 2018) (quoting *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014)).

In the present case, the burden is with removing party, Fifth Third, to show by the preponderance of the evidence that the amount in controversy requirement has been satisfied. Due to Defendants' failure to file a response to Plaintiffs' Motion to Remand, the Court looks to their Notice of Removal. Fifth Third correctly states that in determining the amount in controversy, the monetary value of injunctive relief is considered, as are punitive damages, and statutory attorney fees. (*See* R. 1, ¶ 11 (citing *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010); *Charvat v. Echostar Satellite, LLC*, 630 F.3d 459, 462 (6th Cir. 2010); *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 851 (E.D. Ky. 2006))). Fifth

4

Third further repeats the types of damages listed by Plaintiffs in their Complaint (e.g., lost income, lost profits, attorney's fees and legal costs, etc.). (*See* R. 1, ¶ 11). However, apart from the statement that Plaintiffs seek property damage of "at least $8,350" and a conclusory statement contained within a parenthetical citation stating that the Complaint "claim[ed] damages well over $100,000," Fifth Third does not articulate any monetary value for the damages it discusses. (*See* R. 1, ¶ 12). Although unlikely, even if the Court were to conclude that Fifth Third has sufficiently shown the amount in controversy exceeded the jurisdictional requirement, the Court's analysis would not conclude there. Rather, the Court must next consider whether the Plaintiff's post-removal stipulation is effective.

### B. Stipulation

As the "master of the claim," plaintiffs may stipulate damages less than the federal jurisdictional requirement if they are "provid[ing] specific information about the amount in controversy for the first time." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019) (quoting *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014)). Because jurisdiction is determined at the time of removal, the stipulation cannot be a post-removal change or *reduction* of alleged damages, but rather the first specifically stated *clarification* of alleged damages. *See Heyman*, 781 F. App'x at 468–69; *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002); *Peace,* No. 6:23-cv-8-GFVT, 2023 WL 3827667 (finding that even where it was more likely than not that the alleged damages would exceed $75,000, remand was proper where a stipulation was a clarification and not a reduction in damages). Additionally, courts within the Sixth Circuit have found that a stipulation is valid only if it is unequivocal in its declaration that the plaintiff "will not *seek* damages in excess of the jurisdictional minimum" and that the plaintiff "will not *accept* an award in excess of the

5

jurisdictional minimum." *Adams v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-184-DLB, 2016 U.S. Dist. LEXIS 178375, at *9 (E.D. Ky. Jan. 5, 2016) (emphasis in original).

Limited by the Kentucky Rules of Civil Procedure, Plaintiffs did not articulate in their original Complaint the amount of damages they seek to recover in the present action. (*See* R. 1-1). Rather, this amount appeared for the first time in a statement contained within their Motion to Remand and attached Stipulation. (R. 7; R. 7-1). The Stipulation asserts for the first time the specific amount of damages and provides, "[t]he Plaintiffs, jointly or separately, will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars $75,000, inclusive of any and all damages and claims for relief, including but not necessarily limited to: compensatory damages; special damages; punitive damages; costs; and attorney's fees." (R. 7-1). This Stipulation provides the first specific statement of the amount in controversy. This Stipulation clarifies the alleged damages and is not a reduction of the alleged damages. Thus, the amount in controversy at the time of removal was less than $75,000. Both requirements of an unequivocal stipulation have been met as Plaintiffs state that they will neither seek nor accept an amount greater than $75,000. In other words, Plaintiffs have made a valid stipulation limiting damages to less than the federal jurisdictional minimum. Therefore, the amount in controversy requirement for diversity jurisdiction is not met, and the Motion for Remand should be granted.

### III. CONCLUSION AND RECOMMENDATION

Accordingly, because diversity subject matter jurisdiction is lacking, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. 7) **BE GRANTED** and that this case **BE REMANDED** to the Boyd Circuit Court from which it was removed.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ.

P. 72(b)(2); *Thomas v. Arn*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right to appeal. *Howard*, 932 F.2d at 509. A party may respond to another's objections within fourteen (14) days of being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).

Signed this 29th day of November, 2023.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil ashland\2023\23-98-DLB mtn to remand R&R.docx